[Cite as *In re D.C.*, 2015-Ohio-3178.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

FAYETTE COUNTY


| | | |
|---|---|---|
| IN THE MATTER OF: | : | |
| | | CASE NO. CA2015-03-006 |
| D.C., et al. | : | |
| | | O P I N I O N |
| | : | 8/10/2015 |
| | : | |
| | : | |


APPEAL FROM FAYETTE COUNTY COURT OF COMMON PLEAS
JUVENILE DIVISION
Case No. 13AND0591


Kristina Oesterle, P.O. Box 314, Washington C.H., Ohio 43160, Guardian Ad Litem

Landis Terhune-Olaker, P.O. Box 895, Washington C.H., Ohio 43160, for appellant

Jess C. Weade, Fayette County Prosecuting Attorney, Ryan Houston, 110 East Court Street, Washington C.H., Ohio 43160, for appellee

Natisha Hughes, P.O. Box 875, Marion, Ohio 43301, defendant, pro se


**M. POWELL, P.J.**

{¶ 1}  Appellant, A.C., appeals the judgment of the Fayette County Court of Common Pleas, Juvenile Division, granting permanent custody of his two minor children to the Fayette County Department of Job and Family Services (FCDJFS or the agency).  For the reasons that follow, we affirm the judgment of the juvenile court.

{¶ 2} Appellant is the father of two minor children, D.C. and A.H.K. D.C. was in mother's custody in August 2013, at which time mother was pregnant with A.H.K. On August 19, 2013, D.C. was removed from mother's custody after mother overdosed and was taken to the hospital. On September 20, 2013, A.H.K. was removed from mother's custody shortly after being born, at which time the child tested positive for cocaine and methadone. On October 2, 2013, D.C. was adjudicated a neglected and dependent child. On November 19, 2013, A.H.K. was adjudicated an abused and dependent child. The children have remained in foster care ever since their removal from mother's custody.

{¶ 3} On October 21, 2014, FCDJFS moved for permanent custody of the children. On February 10, 2015, a hearing was held on the motion for permanent custody. On March 3, 2015, the juvenile court issued a judgment entry granting permanent custody of the children to FCDJFS and terminating the parents' parental rights.

{¶ 4} Appellant now appeals, assigning the following as error:

{¶ 5} Assignment of Error No. 1:

{¶ 6} THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY DENYING THE APPELLANT'S REQUEST FOR A CONTINUANCE.

{¶ 7} Assignment of Error No. 2:

{¶ 8} THE COURT ERRED WHEN FINDING THAT A.H.K. WAS IN THE TEMPORARY CUSTODY OF FAYETTE COUNTY CHILDREN'S SERVICES FOR 12 OR MORE MONTHS OF A CONSECUTIVE 22 MONTH PERIOD AND PROCEEDING ONTO DETERMINING THE CHILD'S BEST INTEREST.

{¶ 9} Assignment of Error No. 3:

{¶ 10} THE COURT ERRED WHEN FINDING THAT D.C. AND A.H.K. WERE ABANDONED CHILDREN PURSUANT TO R.C. 2151.414(E)(10) IN AS MUCH AS THE FINDING WAS IN ERROR AND THE FINDING WAS MADE TO SUPPORT THE BEST

INTEREST OF THE CHILD.

{¶ 11} Assignment of Error No. 4:

{¶ 12} WHETHER THE TRIAL [sic] ERRED AND ABUSED ITS DISCRETION IN FINDING BY CLEAR AND CONVINCING EVIDENCE THAT IT WOULD BE IN THE BEST INTEREST OF THE MINOR CHILD TO GRANT THE FAYETTE COUNTY DEPARTMENT OF JOB AND FAMILY SERVICES PERMANENT CUSTODY OF D.C. AND A.H.K. AND PERMANENTLY TERMINATE THE PARENTAL RIGHTS OF [APPELLANT].

{¶ 13} In his first assignment of error, appellant argues the juvenile court erred or abused its discretion in denying his request for a continuance of the permanent custody hearing, which he made at the commencement of the hearing.

{¶ 14} The decision whether to grant or deny a motion for a continuance is within the trial court's sound discretion. *State v. Unger*, 67 Ohio St.2d 65, 67-68 (1981). The factors a trial court should consider in ruling on such a motion include the length of the delay requested; the inconvenience to other litigants, witnesses, opposing counsel and the trial court; whether the requested delay is for a legitimate reason or dilatory and contrived; whether the party requesting the continuance contributed to the circumstances giving rise to the requested continuance; and any other factor relevant to the particular facts and circumstances of the case. *Id.* Additionally, Juv.R. 23 states that "[c]ontinuances shall be granted only when imperative to secure fair treatment for the parties."

{¶ 15} Here, at the commencement of the permanent custody hearing, appellant's trial counsel noted that the case was "somewhere around 20 months * * * already, which would put the final cut off [for a final decision in the case] somewhere around 24 months."[1]

---

1. Presumably, counsel was referring to R.C. 2151.415(D)(4) which provides that "an existing temporary custody order [shall not] continue beyond two years after the date on which the complaint was filed or the child was first placed in shelter care, whichever date is earlier[.]"

Appellant's trial counsel requested that the juvenile court "set the hearing closer to the 24 month mark" to give appellant an opportunity "to reengage with the agency" and comply with the requirements of his case plan. Thus, appellant's trial counsel essentially requested a nearly four-month continuance of the permanent custody hearing. The trial court denied the request, and its decision to do so was not an abuse its discretion.

{¶ 16} R.C. 2151.414(A)(2) requires a juvenile court to hold a hearing on a public children services agency's motion for permanent custody not later than 120 days after the agency files a motion for permanent custody. The juvenile court may, "for good cause shown," continue the hearing for a reasonable period of time beyond the 120-day deadline. *Id.* However, R.C. 2151.414(A)(2) further provides that the juvenile court "shall issue an order that grants, denies, or otherwise disposes of the motion for permanent custody, and journalize the order, not later than two hundred days after the agency files the motion."

{¶ 17} By the time of the February 10, 2015 permanent custody hearing, 111 days had elapsed since the filing of the agency's October 21, 2014 motion for permanent custody. Therefore, granting appellant's request for a continuance of nearly four months in length would have prevented the juvenile court from issuing an order granting, denying or otherwise disposing of the motion for permanent custody, not later than 200 days after the motion for permanent custody was filed, as required by R.C. 2151.414(A)(2).

{¶ 18} Additionally, the cases involving the minor children began in August 2013 and September 2013. Appellant was named as a party in both cases and informed of his right to counsel in both cases, including his right to have counsel appointed to him free of charge if he qualified for such assistance. On December 18, 2013, a case plan was filed for appellant, which he received. However, appellant did not request an attorney until December 2014. Counsel was appointed for appellant on January 5, 2015.

{¶ 19} Prior to the February 10, 2015 permanent custody hearing, appellant's newly

- 4 -

appointed counsel made no motion for a continuance in the case, and instead, waited until the day of the hearing to move for a nearly four-month continuance to give appellant more time to reengage with the agency and complete the requirements of his case plan. However, appellant had ten months to complete the requirements of his case plan by the time the motion for permanent custody was filed, and almost 14 months to complete the requirements of his case plan by the time of the permanent custody hearing. Further, the record is silent regarding the likelihood of appellant completing his case plan requirements within the nearly four-month continuance that he sought.

{¶ 20} In light of the foregoing, we conclude that the juvenile court did not abuse its discretion in denying appellant's motion for a nearly four-month continuance made at the commencement of the permanent custody hearing.

{¶ 21} Therefore, appellant's first assignment of error is overruled.

{¶ 22} In his second assignment of error, appellant argues the juvenile court erred in finding that A.H.K. was in the temporary custody of FCDJFS for at least 12 months of a consecutive 22-month period for purposes of R.C. 2151.414(B)(1)(d). We agree with appellant that the juvenile court erred in so finding, but we conclude that the error was harmless.

{¶ 23} A natural parent has a constitutionally protected liberty interest in the care and custody of his or her child, and before the state terminates a person's parental rights, the state must prove by clear and convincing evidence that the statutory standards for permanent custody have been met. *Santosky v. Kramer*, 455 U.S. 745, 759, 102 S.Ct. 1388 (1982). An appellate court's review of a juvenile court's decision granting permanent custody is limited to considering whether sufficient, credible evidence exists to support the juvenile court's determination, and therefore, a reviewing court will reverse a juvenile court's finding that the evidence was clear and convincing only if there is a sufficient conflict in the evidence

presented. *In re A.W.*, 12th Dist. Fayette No. CA2014-03-005, 2014-Ohio-3188, ¶ 11. Clear and convincing evidence is "'that measure or degree of proof which is more than a mere "preponderance of the evidence," but not to the extent of such certainty as is required "beyond a reasonable doubt" in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *In re K.H.*, 119 Ohio St.3d 538, 2008-Ohio-4825, ¶ 42, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶ 24} Under R.C. 2151.414(B)(1), a juvenile court may terminate parental rights and award permanent custody to a children services agency if it finds that (1) granting permanent custody to the agency is in the child's best interest, and (2) any of the factors, conditions or circumstances listed in R.C. 2151.414(B)(1)(a)-(e) apply or exist. *In the Matter of A.T.-D.*, 12th Dist. Butler Nos. CA2015-03-059, CA2015-03-060, and CA2015-04-068, 2015-Ohio-2579, ¶ 13. These circumstances include if the child is abandoned, R.C. 2151.414(B)(1)(b); the child is orphaned, R.C. 2151.414(B)(1)(c); the child has been in the temporary custody of the agency for at least 12 months of a consecutive 22-month period, R.C. 2151.414(B)(1)(d); or where the preceding three circumstances do not apply, the child cannot be placed with either parent within a reasonable time or should not be placed with the child's parents, R.C. 2151.414(B)(1)(a). *Id.* Only one of the five circumstances enumerated in R.C. 2151.414(B)(1)(a)-(e) needs to be found to exist or apply, in order to satisfy the second prong of the permanent custody test. *In re A.W.*, 2014-Ohio-3188 at ¶ 11, citing *In re T.D.*, 12th Dist. Preble No. CA2009-01-002, 2009-Ohio-4680, ¶ 15.

{¶ 25} For purposes of R.C. 2151.414(B)(1), "a child shall be considered to have entered the temporary custody of an agency on the earlier of the date the child is adjudicated pursuant to section 2151.28 of the Revised Code or the date that is sixty days after the removal of the child from home."

{¶ 26} In the present case, A.H.K. was removed from mother, and thus the child's home, on September 20, 2013. The date falling 60 days after A.H.K.'s removal from the home was November 19, 2013. A.H.K. was adjudicated an abused and dependent child on November 19, 2013. Therefore, A.H.K. entered the temporary custody of FCDJFS, for purposes of R.C. 2151.414(B)(1), on November 19, 2013.

{¶ 27} At the time a public children services agency moves for permanent custody under R.C. 2151.414(B)(1)(d), the child must have been in the agency's temporary custody for at least 12 months of a consecutive 22-month period. A motion for permanent custody must allege grounds that exist at the time the motion is filed. *In re C.W.*, 104 Ohio St.3d 163, 2004-Ohio-6411, ¶ 24, 26. "In other words, the time that passes between the filing of a motion for permanent custody and the permanent custody hearing does not count toward the 12-month period set forth in R.C. 2151.414(B)(1)(d)." *Id.* at ¶ 26.

{¶ 28} Here, FCDJFS moved for permanent custody of A.H.K. on October 21, 2014, which was approximately 11 months after the date on which A.H.K. entered the agency's temporary custody. Consequently, the juvenile court erred in finding that A.H.K. had been in the agency's temporary custody for at least 12 months of a consecutive 22-month period. However, an agency may move for permanent custody before a child has been in the agency's temporary custody for at least 12 months if a ground other than R.C. 2151.414(B)(1)(d) exists to support a grant of permanent custody. *Id.* at ¶ 27.

{¶ 29} In the present case, FCDJFS moved for permanent custody of the children not only on the basis of the "12 of 22" ground set forth in R.C. 2151.414(B)(1)(d), but also on the basis that the children "cannot be placed with either of the child[ren]'s parents within a reasonable time or should not be placed with the child[ren]'s parents" as set forth in R.C. 2151.414(B)(1)(a) and 2151.414(E). The juvenile court, in turn, based its decision granting FCDJFS permanent custody, not only on the ground that the children had been in the

agency's temporary custody for more than 12 months of a consecutive 22-month period, which we already have determined to have been erroneous with regard to A.K.H., but also on the ground that "the child[ren] cannot be placed with either parent within a reasonable time, and should not be placed with either parent[,]" under R.C. 2151.414(E). In so doing, the juvenile court was essentially finding the existence or applicability of the circumstance set forth in R.C. 2151.414(B)(1)(a), which fulfills the requirement of the second prong of the permanent custody test in R.C. 2151.414(B)(1). *See In re A.W.*, 2014-Ohio-3188 at ¶ 11, citing *In re T.D.*, 2009-Ohio-4680 at ¶ 15 (only one of the five circumstances enumerated in R.C. 2151.414[B][1][a]-[e] needs to be found to exist or apply, in order to satisfy the second prong of the permanent custody test).

{¶ 30} R.C. 2151.414(B)(1)(a) provides that a juvenile court may grant permanent custody of a child to a movant if it finds by clear and convincing evidence that permanent custody is in the child's best interest and:

> (a) The child is not abandoned or orphaned, has not been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period, or has not been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period if, as described in division (D)(1) of section 2151.413 of the Revised Code, the child was previously in the temporary custody of an equivalent agency in another state, and *the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents*.

(Emphasis added.)

{¶ 31} R.C. 2151.414(E) sets forth a non-exclusive listing of factors the juvenile court shall consider in determining if "a child cannot be placed with either parent within a reasonable period of time or should not be placed with the parents." The juvenile court need only find the existence of one of the enumerated factors. As relevant here, the factors in

R.C. 2151.414(E)(1), (4) and (10) are applicable. These aforementioned factors generally direct the juvenile court to consider whether (1) the parent utilized agency case planning services to remedy the conditions initially causing the child's removal from parental custody, (2) whether the parent has demonstrated a lack of commitment to the child by "failing to regularly support, visit, or communicate with the child," and (3) whether "[t]he parent has abandoned the child."[2]

{¶ 32} The evidence in this case supports a determination that appellant failed to remedy the conditions causing the removal of the children from parental custody based upon his failure to make adequate progress upon and to complete the case plan to permit the children's placement with him. The evidence also demonstrates appellant's lack of commitment to the children due to his failure to regularly visit, support and communicate with the children.[3] Finally, as set forth in the discussion of appellant's third assignment of error, the evidence presented at the permanent custody hearing supports the juvenile court's determination that appellant abandoned the children.

{¶ 33} We further note that, separate and apart from his third assignment of error in which he argues the juvenile court erred in finding that he abandoned the children, appellant did not assign as error the juvenile court's determination that the children cannot be placed with either parent within a reasonable time, and should not be placed with either parent.

2. We note an apparent anomaly in the statute in that R.C. 2151.414(B)(1)(a) provides that the "cannot or should not be placed" factor applies only where the child is not abandoned, while R.C. 2151.414(E)(10) provides that the "cannot or should not be placed" factor is established when "[t]he parent has abandoned the child." Therefore, it appears that the "cannot or should not be placed" factor never applies and always applies when the child is abandoned. This appeal does not call upon us to reconcile this statutory anomaly. Suffice it to say that, while the state did not allege abandonment under R.C. 2151.414(B)(1)(b), it retains the discretion to establish abandonment as a predicate to "cannot or should not be placed" under R.C. 2151.414(E)(10).

3. Although the juvenile court did not specifically note that appellant's failure to progress in completing the case plan constituted a failure to remedy the conditions causing removal or that father's failure to communicate with and support the children demonstrated a lack of commitment to the children in support of its finding that the children could not or should not be placed with either parent, the juvenile court did make factual findings regarding appellant's failure to complete the case plan and to visit and support the children.

{¶ 34} Therefore, while the juvenile court erred in finding that A.H.K. had been in the temporary custody of the agency for more than 12 months of a consecutive 22-month period, the error was harmless as such a finding is unnecessary to a determination that the children cannot or should not be placed with either parent.

{¶ 35} In light of the foregoing, appellant's second assignment of error is overruled.

{¶ 36} In his third assignment of error, appellant argues the juvenile court erred in finding that D.C. and A.H.K. were abandoned under R.C. 2151.414(E)(10), because there was evidence presented at the permanent custody hearing showing that he called the children's foster mother in November 2014, and thus, had contact with the children less than 90 days before the permanent custody hearing. We find this argument unpersuasive.

{¶ 37} There is clear and convincing evidence in the record to support the juvenile court's finding under R.C. 2151.414(E)(10) that the parents abandoned the children by not having any contact with them for 90 days. The agency's caseworker testified that appellant's last visit with the children was on April 21, 2014 and that appellant's alleged contact with the children in November 2014 was actually contact with the children's foster parents rather than the children themselves. There is no evidence that appellant ever made contact with the children between the dates of April 21, 2014 and February 10, 2015.

{¶ 38} Additionally, the fact that appellant may have had some type of contact with the children in November 2014 does not obviate the fact that appellant had no contact whatsoever with the children in the more than six-month period from April 21, 2014, when his visitation with the children was suspended due to his failure to show up for his scheduled visits, to sometime in November 2014. R.C. 2151.011(C) plainly states that "[f]or purposes of this chapter, a child shall be presumed abandoned when the parents of the child have failed to visit or maintain contact with the child for more than ninety days, *regardless of whether the parents resume contact with the child after that period of ninety days*." (Emphasis added.)

Therefore, the juvenile court did not err in finding that the children were abandoned by appellant under R.C. 2151.414(E)(10).

{¶ 39} Consequently, appellant's third assignment of error is overruled.

{¶ 40} In his fourth assignment of error, appellant contends that the juvenile court erred and abused its discretion in finding, by clear and convincing evidence, that it would be in the best interest of the children to grant FCDJFS permanent custody and to terminate appellant's parental rights.

{¶ 41} R.C. 2151.414(D)(1) provides that when considering the best interest of a child in a permanent custody proceeding, the court must consider "all relevant factors," including, but not limited to, the following:

> (a) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster caregivers and out-of-home providers, and any other person who may significantly affect the child;
>
> (b) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
>
> (c) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period, or the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period and, as described in division (D)(1) of section 2151.413 of the Revised Code, the child was previously in the temporary custody of an equivalent agency in another state;
>
> (d) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;
>
> (e) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child.

{¶ 42} The best interest factors of R.C. 2151.414(D)(1)(a)-(e) weigh heavily in favor of

granting FCDJFS permanent custody of the children.

**{¶ 43}** As to the factor in R.C. 2151.414(D)(1)(a) involving the children's interaction and interrelationship with their parents, foster caregivers and any other person who may significantly affect them, the evidence shows that appellant has not visited with the children since April 2014. Appellant acknowledges that he has not bonded with his children but contends that this is not his fault and that such a bond could be established quickly. Appellant also asserts that he made numerous attempts to reestablish visitation with the children while they were in the agency's temporary custody. However, an agency caseworker testified that appellant did not contact her to reestablish visitation until the week prior to the permanent custody hearing. By contrast, the evidence supports the juvenile court's findings that the children, since placed in a foster-to-adopt home, have been well cared for, are doing well, and have bonded to their foster family, which includes nine children, two of whom are D.C.'s and A.H.K.'s biological half-siblings, who were previously adopted by this family.

**{¶ 44}** As to the factor in R.C. 2151.414(D)(1)(b) involving the children's wishes, as expressed directly by them or through their guardian ad litem (GAL), with due regard for their maturity, the juvenile court found that the children were too young to express their wishes. However, it is significant to note that the children's GAL recommended that FCDJFS be granted permanent custody of the children.

**{¶ 45}** As to the factor in R.C. 2151.414(D)(1)(c) involving the custodial history of the child, the juvenile court, as explained above, erred in finding that A.H.K. was in the temporary custody of the agency for more than 12 months of a consecutive 22-month period. However, this is not reversible error as such is only an aspect of the child's "custodial history" for the juvenile court to consider. A.H.K.'s "custodial history," notwithstanding that the child has not been in the agency's temporary custody for more than 12 months of a consecutive 22-month period, still favors granting FCDJFS permanent custody because this child has been in the

temporary custody of the same foster family since the child was two days old and has never been in the custody of either parent. The evidence is uncontroverted that D.C. has been in agency custody for more than 12 months of a consecutive 22-month period as of the time of the filing of the motion for permanent custody.

{¶ 46} As to the factor in R.C. 2151.414(D)(1)(d) involving the child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency, the children are both very young and need to know who their caretakers are and upon whom they can depend for their nurture. A.H.K. has only known her foster home. Appellant has shown a lack of commitment to the children by failing to visit them and support them financially. Appellant has failed to pay any appreciable amount of child support and was not paying child support at the time of the permanent custody hearing.

{¶ 47} As to the factor in R.C. 2151.414(D)(1)(e) involving whether any of the factors listed in R.C. 2151.414(E)(7) to (11) apply in relation to the parents and child, we note that the evidence clearly and convincingly shows that the parents abandoned the children as set forth in R.C. 2151.414(E)(10).

{¶ 48} Appellant argues that he substantially complied with the case plan, that all pending criminal charges against him have been resolved, and that given more time, he could have the children returned to him. However, the evidence shows that while appellant attended parenting and anger management classes and submitted to a mental health diagnostic assessment, he failed to complete a separate drug and alcohol assessment and failed to submit to drug testing immediately prior to the permanent custody hearing. The evidence also shows that appellant has failed to maintain stable housing or employment throughout this case as he was evicted in May 2014 and was homeless for a portion of that year. This evidence casts serious doubt on whether appellant is able to provide for the basic

needs of the children.

{¶ 49} Given the foregoing, the juvenile court did not abuse its discretion in finding, by clear and convincing evidence, that it was in the best interest of the children to grant permanent custody to FCDJFS and to terminate appellant's parental rights.

{¶ 50} Accordingly, appellant's fourth assignment of error is overruled.

{¶ 51} Judgment affirmed.

S. POWELL and HENDRICKSON, JJ., concur.