[Cite as *In re E.C.*, 2016-Ohio-2774.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| IN THE MATTER OF: | : | |
| E.C. | : | CASE NO. CA2016-01-014 |
| | : | O P I N I O N<br>5/2/2016 |
| | : | |
| | : | |

APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
JUVENILE DIVISION
Case No. JN2013-0184

Michael T. Gmoser, Butler County Prosecuting Attorney, Willa Concannon, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Kim Schneider, 8080 Beckett Center Drive, Suite 112, West Chester, Ohio 45069, for defendant-appellant

Legal Aid Society of Greater Cincinnati, Adolfo Olivas, 10 Journal Square, Suite 300, Hamilton, Ohio 45011, Guardian Ad Litem

**RINGLAND, J.**

{¶ 1} Appellant, the father of E.C., appeals a decision of the Butler County Court of Common Pleas, Juvenile Division, granting permanent custody of E.C. to a children's services agency. For the reasons stated below, we affirm.

{¶ 2} On March 28, 2013, Butler County Department of Job and Family Services

("agency") filed a complaint alleging E.C. and his half-brother, A.I., were abused, neglected, and dependent children.[1] The complaint alleged that Father and E.C.'s mother were using drugs in the children's presence and the family was living in a motel after being evicted from their home. The complaint stated that Father was currently incarcerated for charges involving non-support of dependents, aggravated assault, and a probation violation after he tested positive for opiates. The complaint also noted that Mother was arrested on March 27, 2013 after it was discovered she had two outstanding arrest warrants. Thereafter, E.C. and A.I. were removed from the home and placed in the temporary custody of a relative.

{¶ 3} On May 24, 2013, by agreement of the parties, E.C. and A.I. were adjudicated neglected and dependent and the abuse allegations were dismissed. At this time, the juvenile court approved a case plan for the family. The case plan required Mother participate in substance abuse and psychological evaluations, submit to random drug screens, refrain from using illegal substances, provide a stable home environment free of substance abuse, and obtain a legal source of income. The agency's case plan originally included the same goals for Father, but Father was removed as an active participant due to his incarceration.

{¶ 4} Father was released from prison in December 2013. Father visited with E.C. in January 2014. However, Father's visitation privileges were suspended in March 2014 after he missed four consecutive visits. During this time, the agency made referrals for Father to complete psychological, substance abuse, and domestic violence assessments. Father did not complete any of these assessments. Three months after he was released from prison, Father was arrested and jailed for theft, criminal trespass, receiving stolen property, and obstructing official business. Father was sent to prison with a scheduled release date of January 2016. While in prison, Father wrote letters to E.C. and sent the correspondence to

---

1. A.I. has a different father and his case is not part of this appeal.

the agency.

{¶ 5} On February 18, 2015, the agency moved for permanent custody of E.C. On September 4, 2015 a hearing was held regarding the motion. At the time of the hearing, Father remained incarcerated. Prior to the state's presentation of its case, Father's counsel requested the matter be continued until after Father was released from prison in January 2016 "and then able to engage in case plan services." The magistrate denied Father's request for a continuance.

{¶ 6} The magistrate issued a written decision terminating the parental rights of Mother and Father and granting the agency permanent custody of E.C. Father objected to the magistrate's decision and the denial of the motion for a continuance. The juvenile court overruled Father's objections and adopted the magistrate's decision granting permanent custody of E.C. to the agency.

{¶ 7} Father now appeals, asserting a sole assignment of error:

{¶ 8} THE TRIAL COURT ERRED IN DENYING THE FATHER'S REQUEST FOR A CONTINUANCE.

{¶ 9} On appeal, Father does not address the merits of the decision granting permanent custody to the agency. Instead, Father argues that the denial of his request for a continuance of the permanent custody hearing was an abuse of discretion.

{¶ 10} An appellate court will not reverse a trial court's decision denying a motion for a continuance absent an abuse of discretion. *State v. Unger*, 67 Ohio St.2d 65, 67-68 (1981); *In re M.A.-L.*, 12th Dist. Butler No. CA2015-07-129, 2015-Ohio-4816, ¶ 15. The factors a trial court should consider in ruling on such a motion include the length of the delay requested; the inconvenience to other litigants, witnesses, opposing counsel and the trial court; whether the requested delay is for a legitimate reason or dilatory and contrived; whether the party requesting the continuance contributed to the circumstances giving rise to the requested

continuance; and any other factor relevant to the particular facts and circumstances of the case. *Id.* Additionally, Juv.R. 23 provides that "[c]ontinuances shall be granted only when imperative to secure fair treatment for the parties."

{¶ 11} Upon a thorough review of the record, we find no abuse of discretion in denying Father's motion for a continuance. In the present case, Father requested that the matter be continued for four months until he was released from prison *and* then able to engage in the agency's case plan services. Essentially, Father requested the juvenile court to indefinitely continue the permanent custody hearing until a later unspecified date when Father would purportedly demonstrate not only success with the case plan, but also fitness to parent E.C.

{¶ 12} At the time of the request for a continuance, the case was 29 months old, E.C. had been in the temporary custody of the agency for 20 months of a consecutive 22-month period, and the permanent custody motion had been pending for seven months. After being removed from the custody of Mother and Father, E.C. has been placed with eight different families and has had difficulty adjusting to the placements. However, at the permanent custody hearing, the caseworker reported that E.C. had been in his current foster home for several months and had adjusted well to the environment. Consequently, granting Father's continuance request would cause needless uncertainty, would further delay in a case that has been pending for several months, and would be detrimental to E.C.'s best interest. Moreover, the continuance would have also placed E.C. in the agency's temporary custody for more than two years, which runs contrary to the statutory guidelines requiring timely decisions in permanent custody cases. *In re K.L.*, 12th Dist. Clermont No. CA2012-08-062, 2013-Ohio-12, ¶ 23 (two-year time limit for child in agency's temporary custody); R.C. 2151.414(A)(2) (requiring juvenile court permanent custody decision within 200 days).

{¶ 13} Father has also contributed to the circumstances giving rise to the request and has failed to establish that he would not only complete the services offered by the agency,

but also become a fit parent. Except for a brief three-month period in 2014, Father has been incarcerated throughout the agency's involvement with the family. During the few months Father was not imprisoned, he failed to complete the case plan services recommended by the agency, including a psychological evaluation and assessments for substance abuse and domestic violence. Father did not visit E.C. regularly while he was released from prison and Father's visitation privileges were eventually suspended. Three months after Father was released from prison, he committed more crimes and was again incarcerated. Additionally, though Father wrote E.C. a few letters while incarcerated, at the time of the permanent custody hearing, he had not written to E.C. for four months.

{¶ 14} In light of the duration of the case, E.C.'s need for permanency, Father's failure to complete any of the services recommended by the agency, and Father's lack of involvement with E.C., we find the juvenile court did not abuse its discretion in denying Father's motion for a continuance. *See In re B.G.W.*, 10th Dist. Franklin No. 08AP-181, 2008-Ohio-3693, ¶ 26 (no abuse denying continuance when mother incarcerated, delayed utilizing services, requested continuance at hearing); *In re D.C.*, 12th Dist. Fayette No. CA2015-03-006, 2015-Ohio-3178, ¶ 19 (no abuse denying 4-month continuance for father to "reengage with agency" and complete case plan when he had failed to do so previously). Accordingly, Father's sole assignment of error is overruled.

{¶ 15} Judgment affirmed.

M. POWELL, P.J., and S. POWELL, J., concur.